UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTOPHER CASTAGNA AND | * | |
| GAVIN CASTAGNA, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-14208 |
| | * | |
| HARRY JEAN et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

November 4, 2016

TALWANI, D.J.

I.   Introduction

Plaintiffs Christopher Castagna and Gavin Castagna commenced the above-captioned action against eighteen named Boston Police officers and two pseudonymous Defendants also alleged to be Boston Police Officers. [Dkt. # 1]. The Complaint brings seven counts against some or all Defendants. The named Defendants now move for dismissal under Federal Rule of Civil Procedure 12(b)(6) of the entire complaint as to all but two of the Defendants and dismissal of certain causes of action as to these two. [Dkt. # 34].

For the reasons set forth below, the Motion is ALLOWED IN PART and DENIED IN PART.

II.   The Complaint Fails to State a Claim Upon Which Relief May Be Granted as to Thirteen Named Defendants

The Complaint describes an escalating series of events arising from an alleged altercation between Plaintiffs and Defendants that occurred in or near Plaintiffs' home on March 17, 2013, during a St. Patrick's Day party. But despite naming Defendants Kamau Pritchard, Stephen

Smigliani, Michael Bizzozero, Jay Tully, William Samaras, Donald Wightman, Jon-Michael Harber, Keith Kaplan, Gavin McHale and Jean Acloque, the Complaint does not include any allegations tying these individual Defendants to any specific actions. As to Defendants Harry Jean, Clifton Haynes, and Richard Devoe, the only specific allegations are that each signed one or both criminal complaints filed against Plaintiffs. Compl. ¶¶ 59, 60, 65, 66.

The Complaint does include a number of factual allegations directed towards one or more of the "Defendant Officers." See e.g. Compl. ¶¶ 30, 33, 39-41, 43, 46, 48, 50-51, 53-55, 57. The Complaint defines that term as including each of the named Defendant Officers (except Defendant Devoe), John Doe "and/or" James Doe." Compl. ¶ 26. With this definition framed in the alternative, and with many individual allegations against some but not necessarily all of the "Defendant Officers," the Complaint provides no certainty as to which Defendant purportedly committed which, if any, of the alleged wrongful actions. As such, the Complaint fails to state a claim upon which relief may be granted as to these thirteen Defendants.

Plaintiffs assert that due to the chaotic nature of the events and the limited discovery available to them, they are unable to be more specific as to which officer engaged in the wrongdoing. This difficulty does not justify keeping these individuals as named Defendants, but does support a dismissal without prejudice and permission to proceed against pseudonymous Defendants.

III.    The Complaint Survives the Motion to Dismiss as to the Remaining Five Named Defendants

Plaintiffs have included additional facts that, taken as true as this court must on a motion to dismiss, are sufficient to state a claim upon which relief can be granted as to Defendants Brendan Walsh, Daran Edwards, Anthony Troy, Gary Barker, and Terry Cotton. At minimum, the Complaint alleges that these five Defendants at some point were inside Plaintiffs' home and

that such entry was without permission or justification. Plaintiffs include additional allegations as to Daran Edwards and Terry Cotton, and indeed, Defendants seek dismissal of only certain claims, and not the entire complaint, as to these last two defendants. Defendants urge the court to make inferences that would preclude the various claims, but the court declines to draw such adverse inferences on a motion to dismiss.

Without parsing each individual cause of action, the court finds the allegations in the complaint sufficient to state a claim against these five Defendants, and accordingly, as to these five Defendants, the Motion to Dismiss is DENIED.

IV.   Conclusion

The Motion to Dismiss Plaintiffs' Complaint [#34] is ALLOWED as to Defendants Pritchard, Smigliani, Bizzozero, Tully, Samaras, Wightman, Harber, Kaplan, McHale, Acloque, Jean, Haynes, and Devoe, and Plaintiffs' claims against them are DISMISSED WITHOUT PREJUDICE.

The Motion to Dismiss Plaintiffs' Complaint [#34] is DENIED as to Defendants Edwards, Cotton, Walsh, Troy and Barker.

Plaintiffs' conditional Motion for Discovery [#61] and Defendants' Motion for Protective Order [#74] are DENIED as MOOT.

Plaintiffs have leave to file a first amended complaint substituting John Doe defendants for Defendants hereby dismissed. Such amended complaint may be filed no later than November 14, 2016. Defendants shall answer the operative complaint no later than November 28, 2016.

IT IS SO ORDERED.

November 4, 2016                                            /s/ Indira Talwani
                                                                                  United States District Judge