UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTOPHER CASTAGNA and | * | |
| GAVIN CASTAGNA, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-14208-IT |
| | * | |
| DARAN EDWARDS, ANTHONY TROY, | * | |
| JAY TULLY, KAMAU PRITCHARD, | * | |
| MICHAEL BIZZOZERO, KEITH | * | |
| KAPLAN, and HARRY JEAN, | * | |
| Individually, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER
June 17, 2021

TALWANI, D.J.

Before the court is Plaintiffs Christopher Castagna and Gavin Castagna's Motion for

Relief from Judgment as to § 1983 Wrongful Entry Claim [#339]. Plaintiffs seek to vacate the

Second Amended Judgment [#335] entered in Defendants' favor and to restore the vacated

Amended Judgment [#325] which awarded Plaintiffs nominal damages on their Unlawful Entry

claim under 42 U.S.C. § 1983. Plaintiffs contend relief is warranted in light of the United States

Supreme Court's decision in Caniglia v. Strom, 593 U.S. ___, 141 S.Ct. 1596 (2021). Defendants

oppose the Motion [#339], stating that "the appropriate court to entertain Plaintiffs' motion" is

the United States Court of Appeals for the First Circuit and that Plaintiffs' motion must be

denied because this court "lacks jurisdiction in this matter." Opposition 3 [#341]. Defendants

argue further that they are entitled to qualified immunity. Id.

The court recounts the procedural history in Section I below. The court DENIES

Plaintiffs' Motion [#339] for the reasons set forth in Section II below. The court sets forth in

Section III an indicative ruling in the event that the First Circuit recalls its mandate, vacates its opinion, and remands for further proceedings in this court in light of Caniglia v. Strom, 593 U.S. ___, 141 S.Ct. 1596 (2021).

I.      PROCEDURAL HISTORY

Plaintiffs brought this action against numerous Boston Police Officers who entered Plaintiffs' home and Plaintiff Christopher Castagna's bedroom, broke up Plaintiffs' Saint Patrick's Day party, and arrested Plaintiffs. Prior to trial, the court dismissed most of the Defendants and narrowed the claims as to the remaining three Defendants, Officers Daran Edwards, Harry Jean, and Keith Kaplan. At trial, Plaintiffs pursued these remaining claims, including an unlawful entry claim under 42 U.S.C. § 1983. Over Defendants' objection, the court declined to instruct the jury on a community caretaking exception to the warrant requirement. Defendants timely filed motions for judgment as a matter of law at the close of Plaintiffs' case and at the close of all evidence, in which they argued that their entry into both the apartment and the bedroom was justified by a community caretaking exception to the warrant requirement, and protected by qualified immunity. Defendants' Motions for Judgment as a Matter of Law [#275], [#278]. The jury decided in favor of the Defendants on all counts, including the Unlawful Entry count, see Jury Verdict [#284], and the court denied Defendants' Motions for Judgment as a Matter of Law [#275], [#278] as moot. Elec. Order [#289].

Plaintiffs subsequently moved for a new trial on multiple grounds, Motion for a New Trial [#292], and the court granted the motion. Mem. & Order at 11 [#305]. Viewing the parties' dispute as to the community caretaking exception to be a dispute of law, the court discussed with counsel how they could tee up the legal issue for appellate review without the expense and delay of another trial. Counsel suggested cross-motions for summary judgment based on the trial record, see Status Report [#308], while the court invited Rule 52 motions. See Elec. Order

[#310]. In accordance with the court's suggestion, Plaintiffs sought judgment as a matter of law as to liability, and Defendant moved for a ruling that Plaintiff failed to prove damages beyond nominal damages. Elec. Clerk's Notes [#311]. The court granted both motions, Elec. Orders [#312], [#324], and entered the Amended Judgment [#325], with judgment for Defendants on all counts except the § 1983 unlawful entry claim, judgment in favor of the Plaintiffs as to the § 1983 unlawful entry claim, and an award to Plaintiffs of one dollar in nominal damages from each of the three officers.

Defendants appealed, and the First Circuit reversed. Opinion of the Court of Appeals [#333]. The Court of Appeals explained that

> [t]his year, after the district court in this case issued its decision, [the Court of Appeals] held that the community caretaking exception could be used to justify police officers' entry into homes as well [as cars] . . . . Police are entitled to enter homes without a warrant if they are performing a community caretaking function and their actions are "within the realm of reason."

Id. at 19 (quoting Caniglia v. Strom, 953 F.3d 112, 123-24 (1st Cir. 2020) (internal citations omitted)). The Court of Appeals proceeded to find that Defendants were entitled to qualified immunity for the unlawful entry claim because Defendants were performing a community caretaking function of making sure underage guests were safe, and remanded the matter for this court to enter judgment for the Defendants. Id. at 20-21; Judgment of the United States Court of Appeals for the First Circuit [#334]. Accordingly, on May 1, 2020, the court entered the Second Amended Judgment [#335].

II.    THE PENDING MOTION

Because the mandate issued from the First Circuit and this court issued the final judgment that Plaintiffs now seek to have vacated, Plaintiffs properly initiated their request for relief in this court.

3

Plaintiffs seek relief under Federal Rule of Civil Procedure 60(b)(6). "A motion under Rule 60(b)(6) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). The court finds the Motion [#339] is timely. Plaintiffs filed this Motion [#339] on June 1, 2021, thirteen months after entry of judgment and within two weeks of the Supreme Court's decision in Caniglia. Defendants have argued no prejudice caused by the timing of the Motion [#339].

Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief." This subsection "provides federal district courts with a residual reservoir of equitable power to grant discretionary relief from a final judgment . . . where such relief is appropriate to accomplish justice, but the reasons for that relief are not encompassed by the other provisions of the rule." Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1, 5 (1st Cir. 2001) (internal citations and quotations omitted). Such relief, however, is "'extraordinary relief' reserved for 'exceptional circumstances,' given the countervailing interest in the finality of such orders." Id. (quoting United States v. One Urban Lot, 882 F.2d 582, 585 (1st Cir. 1989)). "Ordinarily, a change in decisional law is not considered an 'extraordinary circumstance' justifying relief from judgment." O'Callaghan v. Shirazi, 204 F. App'x 35, 36 (1st Cir. 2006) (per curiam) (citing United States ex rel. Garibaldi v. Orleans Parish Sch. Bd., 397 F.3d 334, 337–38 (5th Cir. 2005) (Supreme Court decision clarifying law and resolving circuit split was not an "extraordinary circumstance" justifying relief under Rule 60(b)); Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund, 249 F.3d 519, 524–25 (6th Cir. 2001) (notwithstanding change in decisional law, equity favored denial of Rule 60(b)(6) motion, given the amount of time that had passed since final judgment; reliance of parties upon that judgment; and public policy favoring finality of judgments)).

Here, however, the appellate decision vacated by the Supreme Court, Caniglia v. Strom, 953 F.3d 112 (1st Cir. Mar. 13, 2020), was issued by the First Circuit nine months after this court

entered its Amended Judgment [#325]. The First Circuit's Opinion [#333] then explicitly "appl[ied] the analysis in Caniglia and [held] that the officers' entry was justified under the community caretaking exception to the warrant requirement." Castagna, 955 F.3d at 221. In these extraordinary circumstances, relief may be considered under Rule 60(b)(6).

Whether relief is in fact warranted requires consideration of the merits previously addressed by the First Circuit. However, because "the mandate of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court," Diaz v. Jiten Hotel Mgmt., Inc., 741 F.3d 170, 175 (1st Cir. 2013) (quoting Biggins v. Hazen Paper Co., 111 F.3d 205, 209 (1st Cir. 1997) (internal quotation marks omitted)), this court may not reconsider the First Circuit's decision. For this reason, the Motion [#339] is DENIED.

## III.    INDICATIVE RULINGS

The pending Motion [#339] does not fall directly within Federal Rule of Appellate Procedure 12.1(a) and Federal Rule of Civil Procedure 62.1, as no appeal is currently pending. In light of Plaintiffs' Notice [#342] that they have also filed a Motion to Recall Mandate, to Stay Ruling on Within Motion Pending Ruling on Rule 60(b) Motion, and to Set Deadline to File Petition for Rehearing with the First Circuit, and anticipating the likelihood Plaintiffs will appeal this court's denial of their Rule 60(b)(6) motion, the court sets forth the following indicative ruling should the matter be remanded.

If the matter is remanded for further proceedings in light of Caniglia v. Strom, 593 U.S. ___, 141 S.Ct. 1596 (2021), the court anticipates vacating the Second Amended Judgment [#335] but not reinstating its Amended Judgment [#325]. Instead, the court would proceed as follows.

### A.   Plaintiffs' Motion for a New Trial [#292]

Following the jury verdict, Plaintiffs sought a new trial. On such a motion, the movants are not seeking a judgment contrary to the jury's verdict. Instead, they are seeking an opportunity

to retry the case. Accordingly, the court may not only "weigh the evidence" but must also consider whether "action is required in order to prevent injustice." Jennings v. Jones, 587 F.3d 430, 436 (1st Cir. 2009) (internal citation and quotation omitted). The court therefore "may order a new trial 'even where the verdict is supported by substantial evidence.'" Id. at 439 (quoting Lama v. Borras, 16 F.3d 473, 477 (1st Cir. 1994)). Indeed, "the district court 'has the power and duty to order a new trial whenever, in its judgment, the action is required in order to prevent injustice.'" Kearns v. Keystone Shipping Co., 863 F.2d 177, 181 (1st Cir. 1988) (quoting 11 C. Wright & A. Miller, § 2805). And, when the court so orders, the non-movant is not deprived of a jury's determination of the facts, but only of this particular jury's determination. The remedy of a new trial thus affords relief to prevent injustice to one party "without abrogating his opponent's right to a jury trial." Insurance Co. of N. Am. v. Musa, 785 F.2d 370, 375 (1st Cir. 1986).

Here, the court rejected Defendants' request to give an instruction on a community caretaking exception; the Supreme Court's ruling in Caniglia v. Strom, 593 U.S. ___, 141 S.Ct. 1596 (2021), that police officers' "caretaking duties" do not create "a standalone doctrine that justifies warrantless searches and seizures in the home," is in accord with the court's rejection of the community caretaking exception instruction. Despite being properly instructed, the jury found no constitutional violation. That finding was against the weight of the evidence and resulted in a serious miscarriage of justice. In this court's view, the jury's failure to follow the court's proper instruction on the Fourth Amendment to the Constitution warranted a new trial.

Defendants opposed Plaintiffs' Motion for a New Trial [#292] on qualified immunity grounds. But the qualified immunity doctrine does not allow the court to ignore a jury's miscarriage of justice. Instead, the court should have considered qualified immunity separately on Defendants' motion. Accordingly, on remand, the court would again grant Plaintiffs' Motion

for a New Trial [#292] for the reasons set forth in the court's Memorandum and Order [#303]

except as it addresses qualified immunity.

> B.   Defendants' Motions for Judgment [#275], [#278]

Defendants raised qualified immunity in their Motions for Judgment [#275], [#278]. The

court denied those motions as moot after the jury entered a defense verdict. Elec. Order [#289].

Once the court vacated the jury verdict, however, the court should have reconsidered those

motions and resolved the question of qualified immunity based on the evidence presented at trial.

In that context, the court would view the evidence in the light most favorable to the Plaintiffs, the

nonmoving party. Casco, Inc. v. John Deere Construction & Forestry Company, 990 F.3d 1, 7

(1st Cir. 2021). The evidence would be viewed as follows:

> Although Detective Jean testified that he saw someone vomiting twice
> outside of the apartment, he also admitted that he did not look for or inquire inside
> about the person who vomited. No other officer testified that they observed any
> vomiting inside or outside of the apartment. Prior to entering the apartment, none
> of the officers observed anything remarkable about the scene in the apartment;
> Officer Kaplan testified that he observed people dancing and Detective Edwards
> testified that he observed people chatting and drinking from cups.

> During the trial, none of the officers articulated any concern as to an
> emergency need to enter. Nor did the officers articulate a specific safety concern
> other than the possibility that the party goers may have been underage, and as to
> that concern, none of the officers testified to asking any party goers their age or
> for identification. Officer Kaplan testified that upon entering the home, the guests
> were cooperative. None of the officers testified that [ ] anyone tried to run or hide
> from the officers to avoid detection. . . .

> Furthermore, all three men testified that they were responding to a noise
> complaint and that their primary objective in entering the home was to find the
> owner and ask him to turn down the music.

Mem. & Order 5-6 [#305].

When the facts are viewed in the light most favorable to the nonmoving party, they do

not support qualified immunity. To paraphrase the First Circuit's decision in Matalon v. Hynnes,

the contours of both the [Plaintiffs'] right to enjoy the sanctity of [their] home and the heartland of the community caretaking exception were sufficiently clear to alert [the officers] that [their] plan of action—a warrantless entry—would infringe the [Plaintiffs'] constitutional rights. Put another way, an objectively reasonable officer should have known that a warrantless entry into the [Plaintiffs'] home [to have music turned down] could not be effected on the basis of the community caretaking exception.

806 F.3d 627, 635 (1st Cir. 2015).

Accordingly, the court would deny the Defendants' Motions for Judgment as a Matter of Law [#275], [#278].

C. Plaintiffs' Motion for Judgment as to Liability

After granting the motion for a new trial, the court viewed the dispute between the parties as primarily a dispute of law (whether the community caretaking exception applied to the home or only to cars) rather than a dispute of fact. The court encouraged Plaintiffs to move for judgment as to liability in order to allow for review of that legal issue. Elec. Order [#310]. But in granting Plaintiffs' oral motion under Federal Rule of Civil Procedure 52 and entering judgment, see Elec. Orders [#312], [#324]; Amended Judgment [#325], the court deprived Defendants of a jury to determine what Defendants were doing when they entered the Plaintiffs' home. Quite simply, there was a factual dispute that should have gone to the jury as to whether the Defendants entered the home to have the music turned down or whether they entered the home to protect against underage drinking as their lawyers claim.

Accordingly, the court would deny Plaintiffs' motion for judgment as to liability so the jury could resolve this factual dispute.

D. Defendants' Motion to Limit Damages to Nominal Damages

The court would, however, leave in place its order limiting damages on the Unlawful Entry claim to nominal damages. Plaintiffs presented no evidence to support a claim of damages based on the officers' entry into Plaintiffs' home or Plaintiff Christopher Castagna's bedroom.

8

Instead, the evidence of damage offered at trial all related to subsequent events, including the intervening actions of Plaintiffs and their guests.

IV.     CONCLUSION

For the foregoing reasons, this court DENIES Plaintiffs' <u>Motion for Relief from Judgment as to § 1983 Wrongful Entry Claim</u> [#339] and sets forth its indicative rulings in the event that the First Circuit grants Plaintiffs relief and remands the matter to this court for further proceedings.

IT IS SO ORDERED.

Date: June 17, 2021                              /s/ Indira Talwani_____
                                                United States District Judge